UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:10-cv-327-WTL-DML |
| | ) |
| MASCO CORPORATION OF INDIANA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
UNOPPOSED MOTION TO STAY ACTION AND TO COMPEL
MEDIATION AND, IF NECESSARY, ARBITRATION**

**I.     INTRODUCTION**

Plaintiff brings claims for alleged violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").  Specifically, Plaintiff alleges unlawful interference with the exercise of Plaintiff's rights under the FMLA and retaliation for invoking rights under the FMLA.  Prior to the filing of the Complaint and Demand for Jury Trial initiating this action, however, Plaintiff entered into a valid and binding agreement with Defendant to submit any such dispute to an alternative dispute resolution process.  Under this process, described in Defendant's Dispute Resolution Process (attached as Exhibit "B" to Defendant's Motion to Stay Action and to Compel Mediation and, If Necessary, Arbitration (hereinafter "Defendant's Motion")) Plaintiff agreed to resolve all claims and disputes between Plaintiff and Defendant arising out of employment with Defendant through mediation and, if necessary, binding arbitration. Moreover, Plaintiff and Defendant agreed to be bound by those laws promoting the enforceability of mediation and arbitration agreements, including the Federal Arbitration Act.

The Dispute Resolution Policy in place when Plaintiff signed the acknowledgement of receipt (attached as Exhibit "A" to Defendant's Motion) expressly provides:

> Also included is any claim under applicable state or federal law an employee within the United States might have against the Company including, for example, all claims for: … violation of any federal, state, or other governmental law, statute, regulation, or ordinance ….

Plaintiff's FMLA claims are precisely the types of claims covered by the Dispute Resolution Policy as they are brought under a federal statute.

## II.   LEGAL ANALYSIS AND ARGUMENT.

It is now an axiom of federal law that written agreements to arbitrate are binding and enforceable. *See, e.g., Circuit City Stores, Inc. v. Adams*, 121 S. Ct. 1302 (2001). Furthermore, "if an issue is arbitrable under the agreement, the Arbitration Act leaves a court without discretion" and requires that the trial be stayed until arbitration is completed. *Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 885 F.2d 1149, 1156 (3d Cir. 1989); *see also Shearson/American Exp. v. McMahon*, 482 U.S. 220, 226-227 (1987).

> Specifically, Section 3 of the Federal Arbitration Act provides:
>
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . .
>
> 9 U.S.C. § 3.

According to the United States Supreme Court, the Federal Arbitration Act embodies a congressional declaration of a liberal federal policy in favor of arbitration. *See Moses*

*H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). This policy requires that the "[federal courts] rigorously enforce agreements to arbitrate." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221, (1985). The Federal Arbitration Act, standing alone, therefore mandates enforcement of agreements to arbitrate statutory claims.

In determining whether to compel arbitration pursuant to the parties' executed arbitration agreement, courts must consider: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. *Sims v. Clarendon Nat'l Ins. Co.*, 336 F. Supp. 2d 1311, 1326 (S.D. Fla. 2004).

In the instant case, Plaintiffs and Defendant entered into valid written agreements to submit claims to arbitration. *See* Exhibits "A" and "B." Moreover, arbitrable issues exist in the instant action because Plaintiff claims Defendant violated the FMLA. This claim is precisely the type of claim covered by the Dispute Resolution Policy.

Furthermore, by filing the instant Motion, Defendant has not waived, but rather seeks to enforce, its right to submit the arbitrable issues to arbitration. *See Keytrade USA, Inc. v. Ain Temouchent M/V*, 404 F.3d 891, 898 (5th Cir. 2005) (holding that the Defendant did not waive its right to arbitrate claims by filing motion to compel arbitration even though a motion for summary judgment was filed concurrently therewith). Any acts in furtherance of enforcement of the Dispute Resolution Policy, such as mediating this dispute in the manner contemplated under the Dispute Resolution Policy, may not be construed as a waiver.

For the reasons stated above, Defendant respectfully submits that (1) the parties entered into a valid written agreement to submit to mediation and, if necessary, arbitration, (2) arbitrable issues exist, and (3) Defendant has not waived its right to submit the arbitrable issues

to arbitration. Accordingly, the instant action must be stayed pending mediation and, if necessary, arbitration pursuant to the Dispute Resolution Policy.

                Respectfully submitted,

/s/ Michael W. Padgett
Michael W. Padgett
Jackson Lewis, LLP
201 North Illinois Street, Suite 1600
Indianapolis, Indiana 46204
Tel:   (317) 489-6930
Fax:  (317) 610-3202
E-mail: padgettm@jacksonlewis.com

Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Andrew Dutkanych III
Christopher S. Wolcott
BIESECKER & DUTKANYCH, LLC
411 Main Street
Evansville, IN 47708
ad@bdlegal.com
cwolcott@bdlegal.com

/s/ Michael W. Padgett